IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| RODNEY BLACK, ) | |
| ) | |
| Plaintiff, ) | |
| vs. ) | Case No. 3:21-cv-01096-SMY |
| ) | |
| DR. ASSELMEIER, and ) | |
| WEXFORD HEALTH SOURCE INC., ) | |
| ) | |
| Defendants. ) | |

# MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Rodney Black, an inmate of the Illinois Department of Corrections, filed the instant lawsuit pursuant to 42 U.S.C. § 1983 for alleged deprivations of his constitutional rights at Menard Correctional Center ("Menard"). This case is now before the Court for preliminary review of the Complaint (Doc. 1) under 28 U.S.C. § 1915A. Any portion of the Complaint that is legally frivolous, malicious, fails to state a claim for relief, or requests money damages from an immune defendant must be dismissed. 28 U.S.C. § 1915A(b).

## The Complaint

Plaintiff makes the following allegations in the Complaint (Doc. 1): Plaintiff was incarcerated at Menard in April 2019. He had an initial review by dental services, but was not placed on the denture list until six months later. He wrote to Dr. Asselmeier on numerous occasions regarding his need for dentures. Although Dr. Asselmeier was aware that Plaintiff had no teeth, he did not receive dentures until August 2021. Dr. Asselmeier ordered Plaintiff a dental/soft food tray, but it was no different than the regular food tray and he could not eat many of the items. Plaintiff suffered without teeth for 28 months and had indigestion, heartburn, constipation, poor health, sore gums, and headaches.

Based on the allegations in the Complaint, the Court designates the following claim in this *pro se* action:

> Count 1: Eighth Amendment deliberate indifference to serious medical needs claim against Dr. Asselmeier and Wexford for denying and/or delaying proper dental care for Plaintiff including failing to provide Plaintiff with dentures for an extended period of time.

Any claim that is mentioned in the Complaint but not addressed in this Order is dismissed without prejudice as inadequately pled under the *Twombly* pleading standard. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim that is plausible on its face.").

## Preliminary Dismissal

Wexford Health Sources Inc. is named as a defendant but there are no allegations against it. Wexford cannot be held liable under § 1983 based on the actions of its employees. Instead, it may be liable only if it had a policy or practice that caused the alleged violation of a constitutional right. *Shields v. Illinois Dept. of Corrections*, 746 F.3d 782, 789 (7th Cir. 2014). The complaint allegations do not suggest that Wexford maintains a policy or practice that caused a violation of Plaintiff's constitutional rights. Therefore, Plaintiff fails to state a viable claim against Wexford and it will be dismissed.

## Discussion

Prison officials and medical staff violate the Eighth Amendment's prohibition on cruel and unusual punishment when they act with deliberate indifference to a prisoner's serious medical (or dental) needs. *Rasho v. Elyea*, 856 F.3d 469, 475 (7th Cir. 2017). To state a claim, a prisoner must allege facts suggesting that (1) he suffered from an objectively serious medical condition, and (2) the defendant acted with deliberate indifference to his medical needs. *Id.* Plaintiff's allegations are sufficient to proceed on the claim against Dr. Asselmeier in his individual capacity.

However, the official capacity claim must be dismissed. *Brown v. Budz*, 904 F.3d 904, 918 (7th Cir. 2005) (claim for monetary damages must be brought against defendant in his individual capacity only); *Power v. Summers*, 226 F.3d 815, 818 (7th Cir. 2000) (official capacity claim against an individual is really a lawsuit for money damages against the State, which is barred by the Eleventh Amendment and the doctrine of sovereign immunity).

## Disposition

Wexford Health Source Inc. is **DISMISSED** without prejudice and the Clerk of Court is **DIRECTED** to terminate it as a defendant.

The Eighth Amendment claim in Count 1 will proceed against Dr. Asselmeier in his individual capacity, but the official capacity claim is **DISMISSED** without prejudice.

The Clerk shall prepare for Dr. Asselmeier: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on the Defendant, and the Court will require the Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If a Defendant cannot be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk and shall not be maintained in the court file or disclosed by the Clerk.

Defendant is **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g). Pursuant to Administrative Order No. 244, Defendant need only respond to the issues stated in this Merit Review Order.

Plaintiff is **ADVISED** that if judgment is rendered against him and the judgment includes the payment of costs under 28 U.S.C. §1915, he will be required to pay the full amount of the costs, regardless of whether his application to proceed *in forma pauperis* is granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is further **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and the opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* Fed. R. Civ. P. 41(b).

Based on the allegations in the Complaint, the Clerk of Court is **DIRECTED** to enter the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.

**IT IS SO ORDERED.**

**DATED:  December 13, 2021**

*s/ Staci M. Yandle*
**STACI M. YANDLE**
**United States District Judge**

### Notice to Plaintiff

The Court will take the necessary steps to notify the Defendant of your lawsuit and serve the Defendant with a copy of your Complaint. After service has been achieved, Defendant will enter an appearance and file an Answer to your Complaint. It will likely take at least **60 days** from the date of this Order to receive the Defendant's Answer, but it is entirely possible that it will take **90 days** or more. When Defendant has filed an Answer, the Court will enter a Scheduling and Discovery Order containing important information on deadlines, discovery, and procedures. **Plaintiff is advised to wait until counsel has appeared for Defendant before filing any motions, to give the Defendant notice and an opportunity to respond to those motions. Motions filed before Defendant's counsel has filed an appearance will generally be denied as premature. Plaintiff should not submit any evidence to the Court at this time, unless specifically directed to do so.**

*s/ Staci M. Yandle*
**STACI M. YANDLE**
**United States District Judge**